Donald S. Taylob, J.
Pursuant to the provisions of article 78 of the Civil Practice Act petitioner seeks an order directing the respondent health officer of the County of Albany to comply with the provisions of section 258-j of the Agriculture and Markets Law and to annul his determination which refused to amend an existing health permit to include an additional source of milk supply. Relief is also sought against the respondent Commissioner of Agriculture and Markets directing him to notify the said health officer of his satisfaction that the requirements of section 258-j of the Agriculture and Markets Law la ave been met and authorizing said officer to approve the proposed additional source.
Respondent Commissioner of Agriculture and Markets pursuant to section 1293 of the Civil Practice Act raises an objection in point of law to the sufficiency of the petition on the ground that it appears on its face that to the full extent of his statutory authority he has granted petitioner a license to sell and distribute milk in the County of Albany and that he is without jurisdiction or power to direct or compel respondent health officer to approve the requested additional source of milk supply.
Petitioner, admittedly licensed to sell and distribute milk in the County of Albany and holding a health permit for sources of supply located and approved for Albany County by the Department of Agriculture and Markets, sought approval from the health officer of its plant in Stamford, New York as a source of supply of milk. In reply, the health officer stated he was powerless to give such authorization absent notification to him by the Commissioner of Agriculture and Markets that the requirements of section 258-j of the Agriculture and Markets Law had been met. He forwarded the petitioner’s request to the Commissioner and subsequently wrote: “We have no basis for presenting any *979 material to you in order to satisfy you about 258-j since we know of no reason why any additional sources are needed, but we have told Prospect that we shall forward any ‘evidence’ that they submit to us to your Department. ’ ’
In pertinent part section 258-j provides as follows: “No health officer of any county, city or village of this state shall hereafter approve any premises on which milk is produced or any plant in which milk is handled or authorize the shipment of milk from such premises or plant for sale or use within this state without first satisfying the commissioner that such proposed added milk supply is reasonably needed for such municipality, will not deprive another municipality of a supply, present or future, more conveniently related to it, and that such supply can be inspected and kept under inspection without undue expense.”
The provisions of the statute are procedurally vague. The courts, however, have spelled out by interpretation the duties which the Legislature intended to impose upon a local health officer. It is well settled that upon appropriate application for a milk distribution permit he has the statutory duty to collect all the facts and data as to the three subjects delineated in the statute and, with or without his own views as to their probative effect, to present them to the Commissioner of Agriculture and Markets. (Matter of Abrams v. Martuscello, 8 Misc 2d 282; Matter of Washburn’s Dairy v. Mansfield, 200 Mise. 1017; Dellwood Dairy Co. v. Brown, 106 N. Y. S. 2d 749; Dellwood Dairy Co. v. Brown, 101 N. Y. S. 2d 992.) This the respondent health officer has not done. His duty is not equated simply by forwarding data submitted by the applicant for a permit to the Commissioner of Agriculture and Markets. The statute requires affirmative action on his part. The position that he cannot act until notified by the Commissioner that the requirements of the section have been met puts the statute’s procedural cart before its horse. A mere announcement that he finds no basis “for presenting any material” to the Commissioner mistakes his statutory duty.
The allegations of the petition indicate that the respondent Commissioner of Agriculture and Markets has performed the only duty imposed on him at this point, namely, the issuance of a license permitting petitioner to sell and distribute milk in Albany County. Accordingly, his objection in point of law is sustained.
Insofar as the respondent health officer’s decision may be deemed a denial of the petitioner’s application for a health permit it is annulled. The matter is remanded to him for further consideration and action in accordance with law.
*980 The affidavit of service of the motion papers which is not disputed by the respondent Powers indicates that the proceeding has been timely brought.
Submit order accordingly.